No. 16-2117

# IN THE UNITED STATES COURT
# OF APPEALS FOR THE THIRD CIRCUIT

---

GRACE LAPHAN
*Plaintiff/Appellant,*

v.

WILLIAM HAINES, et. al.,
*Defendant/Appellee.*

---

**APPEAL FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**The Honorable Judge Anita Brody**

---

**APPELLANT'S OPENING BRIEF**

---

OXMAN, GOODSTADT KURITZ, P.C.
BY: JOSEPH S. OXMAN
IDENTIFICATION NO: 207956
The Bourse Building, Suite 720
111 S. Independence Blvd. Mall E.
Philadelphia, PA 19106
(215) 665-9999


Attorney for Plaintiff/Appellant

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2-3

TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . .    3-5

STATEMENT OF SUBJECT-MATTER JURISDICTION
AND APPELLATEJURISDICTION. . . . . . . . . . . . . . . . . . .    5

STATEMENT OF ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . .    5

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . .    6

STATEMENT OF RELATED PROCEEDINGS. . . . . . . . . . .    6-7

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . .    7-11

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    11-28
A.      Standard of Review for Appeal. . . . . . . . . . . . . . . . . .    12-13

B.      Validity of the Warrant. . . . . . . . . . . . . . . . . . . . . . . .    13-14

    a. Knowing Reckless Disregard . . . . . . . . . . . . . . . . . . . . .    14-15

    b. Omissions Demonstrate Reckless Disregard . . . . . . . . .    15-16

    c. Defendants' Omissions Were Material to the

        Probable Cause Finding . . . . . . . . . . . . . . . . . . . . . . . . .    16-28

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    28

CERTIFICATE OF BAR MEMBERSHIP. . . . . . . . . . . . . . . .    29

CERTIFICATE OF WORD COUNT. . . . . . . . . . . . . . . . . . . . .    30

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . .    31

CERTIFICATE OF IDENTICAL COMPLIANCE
OF BRIEFS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    32

CERTIFICATE THAT VIRUS SCAN WAS
PERFORMED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    33

TABLE OF CONTENTS- APPENDIX . . . . . . . . . . . . . . . . . .    Appendix

## TABLE OF CITATIONS

<u>Abraham v. Raso</u>,
183 F.3d 279, 287 (3d Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . 12

<u>Beers-Capitol v. Whetzel</u>,
256 F.3d 120, 132 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . 12

<u>Blunt v. Lower Merion Sch. Dist</u>.,
767 F.3d 247 (3d Cir. Pa. 2014). . . . . . . . . . . . . . . . . . . . . . . . . 12

<u>Conn v. Gabbert</u>,
526 U.S. 286, 119 S. Ct. 1292, 1295, 143 L. Ed. 2d 399 (1999) . .12

<u>Dempsey v. Bucknell Univ</u>.,
2016 U.S. App. LEXIS 15334 (3d Cir. Pa. Aug. 22, 2016) . . . . . 17, 18

<u>Estate of Smith v. Marasco</u>,
30 F.3d 140, 148 n.3 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . 13

<u>Farmer v. Brennan</u>,
511 U.S. 825, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994) . . . . . . . 12

<u>Franks v. Delaware</u>,
438 U.S. 154, 165-66 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Halsey v. Pfeiffer,
750 F.3d 273, 300 (3d Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . 17


Heggenmiller v. Edna Mahan Corr. Inst.,
128 Fed. Appx. 240 (3d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 12


Kelly v. Borough of Carlisle,
622 F.3d 248, 253 (3d Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Kelly v. Curtis,
21 F.3d 1544, 1554 (11th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . .  14

Kuehl v. Burtis,
173 F.3d 646, 650 (8th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . .  17

Meketa v. Kamoie,
955 F. Supp. 2d 345 (M.D. Pa. 2013) . . . . . . . . . . . . . . . . . . . . . . 16, 27

Primus v. Burnosky,
2003 U.S. Dist. LEXIS 6713 (E.D. Pa. Apr. 16, 2003) . . . . . . . . . . 15

Reedy v. Evanson,
615 F.3d 197 (3d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 27

Sherwood v. Mulvihill,
113 F.3d 396 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Basham,
286 F.3d 1199, 1204 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . .  14

United States v. Clapp,
46 F.3d 795 at 801 n.6 (8th Cir 1995) . . . . . . . . . . . . . . . . . . . . . . . 15

United States v. Stanert,
762 F.2d 775, 781 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Velardi v. Walsh,
40 F.3d 569 (2d Cir 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Wilson v. Russo,
212 F.3d 781, 786 (3d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 16, 17

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

The Eastern District Court possessed subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. The District Court entered its final order dismissing Appellant, Grace Laphan's action on August 19, 2015. USCS Fed. Rules App. Proc. R. 12a. White filed a timely notice of appeal on September 16, 2015. USCS Fed. Rules App. Proc. R. 6a, 12a.

## STATEMENT OF ISSUES

1.      Whether the lower court erroneously determined that there was not a material omission that would negate a finding of probable cause?

**Answer: Yes.**

2.      Whether there is a genuine issue of material fact as to the probable cause finding to arrest absent the inclusion of the June Order such that a jury determination is necessary.

**Answer: Yes.**

## STATEMENT OF THE CASE

This is an appeal from the Eastern District of Pennsylvania's Order dismissing Appellant's federal claims for violation of 1983 of the Civil Rights Act, as well as, Appellants state claims which were dismissed on the basis of the lower court's finding on the federal civil rights claims.

## STATEMENT OF RELATED PROCEEDINGS

Appellant, Grace Laphan filed the complaint giving rise to the current litigation on July 15, 2014 against  Sgt. William Haines, Sgt. Michael Langdale, Chief David Montella, Officer George Moore, John Burgy, and the Upper Providence Township in the Eastern District of Pennsylvania alleging violations of the 4th Amendment of the Constitution of the United States, §1983 of the Civil Rights Act, false arrest, failure to investigate, a Monell claim, willful misconduct, conspiracy, malicious prosecution, and intentional infliction of emotional distress. On October 3, 2014, Appellant filed an Amended Complaint.

Since the amending of the complaint, Defendants George Moore and John Burgy, and Count III for "failure to investigate" were voluntarily dropped by Appellant from the case. Remaining Appellees then filed a Motion for Summary Judgement which was granted by Judge Brody on February 16, 2016 on the basis that the omission to the Affidavit of Probable Cause was not material.

Appellant now appeals.

## STATEMENT OF FACTS

Appellant, Grace Laphan owned a home with her longtime boyfriend, John Burgy located at 375 South Ridley Creek Road, Media, PA. Appellant and Mr. Burgy ceased their relationship and a conflict ensued over the ownership and disposition of property, including the above-referenced house. The Court of Common Pleas of Delaware County entered an Order ("June Order") on June 20, 2012 stating:

    a) Defendant John W. Burgy, shall vacate the premises immediately;
    b) Defendant John W. Burgy, shall within (10) days from the date of this Order, personally remove and/or personally pay for the removal of debris, materials, supplies and equipment which he has allowed to accumulate and remain on the premises;
    c) Defendant John W. Burgy, shall endorse, and turn over to Plaintiff, Grace Lapham, within (10) days from the date of this Order, the insurance proceeds check in the amount of [$35,516.02], so that it may be used to apply towards the mortgage on the property, to the benefit of both parties hereto;
    d) The property shall be listed for sale immediately…; and
    e) Plaintiff, Grace Laphan, shall be granted sole access to the property to prepare it for the sale as she deems appropriate.

R.R. 1.

After ten (10) days passed from the issuance of the June Order, Mr. Burgy still had not claimed all his possessions from the home including a 1966 Ford Mustang and a Ford F-350 truck.  As Appellant was allowed to ready the house for

sale per the June Order, she had the vehicles towed from the garage to a storage facility for safeguarding once the ten (10) days elapsed and Mr. Burgy still had not removed his vehicles.

On July 6, 2012, Burgy called the police and claimed that Laphan was illegally removing property from the house. Officer George Moore responded to the call and arrived at the home to find Laphan removing items from the home. R.R. 5, 19, 23. Appellant informed Moore that she had a court order allowing her to ready the property for sale and Officer Moore confirmed the validity of the June Order. Officer Moore then contacted Burgy and informed him that the June Order allowed Appellant to remove the items and ready the property for sale. Burgy disputed the Order and told Moore that he did not believe the June Order allowed Appellant to remove property from the home. Sgt. Haines then called Burgy and advised him that, under the June Order, he was evicted from the house and Appellant was authorized to prepare the home for sale. Burgy informed Sgt. Haines that he was appealing the June Order but, Sgt. Haines could not find any record of Burgy's appeal. Later the same day, Burgy came to the police department and turned over additional paperwork showing that he was appealing the June Order. Again, he was informed that only the June Order was on file and that Order allowed Laphan to remove property and ready the house for sale.    At approximately 8:00 p.m., Burgy again contacted the police and reported that a side

window to the garage was broken and that his vehicles were missing. R.R. 19. Sgt. Haines was dispatched to the scene where he then called Appellant who informed him that she had the vehicles towed to storage from the property so that she could clear the house for sale, in accordance with the June Order.

To get clarification and the June Order interpreted, Sgt. Haines called Assistant District Attorney ("ADA") Chris DiRosato who reviewed the June Order. Id. Sgt. Haines supplemental report indicated that ADA DiRosato "was confused by the Order" and that he believed that the vehicles were titled and belonged to Burgy but also saw "where the order allow[ed] [Laphan] to clear the property for sale." Id. ADA DiRosato stated that both parties should stay away from the house and contact their attorneys or the court for clarification. Sgt. Haines relayed this information to Burgy and left a voicemail message for Appellant. Id.

The following day on July 7, 2012, Sgt. Haines left a second message for Appellant and told her to either return the vehicles or safeguard them until them. Id. Sgt. Haines then spoke with Chief of Police, David Montella and told him about the ongoing conflict with the property and June Order between Burgy and Appellant. On July 16, 2012, Burgy spoke with Chief Montella directly and told him that Appellant still had his vehicles and would not return them. As a result of this conversation, Sgt. Haines called Laphan and told her to return the vehicles to Burgy. Id According to Haines, Appellant informed him that she would not return

the vehicles until she received an insurance proceed check which, was also required by the June Order. Appellant disputes that she told Sgt. Haines that she was holding the vehicles as collateral for the insurance check proceeds. Rather, Laphan only acknowledges that she had a conversation with Sgt. Haines about returning the vehicles, as well as, the insurance check proceeds but, she never stated she was holding the vehicles as collateral until the insurance proceeds were transferred to her.

Chief Montella asserts that he called the District Attorney's Office and spoke with another ADA that was not Chris DiRosato. Chief Montella does not remember who he spoke to and there are no records in existence to document which ADA was part of the alleged conversation. According to Chief Montella, this unknown ADA authorized charges of theft to be filed against Laphan for not returning the vehicles despite the June Order. Chief Montella contacted Sgt. Langdale and told him to apply for an arrest warrant. Sgt. Langdale complied and completed an Affidavit of Probable Cause. In his Affidavit of Probable Cause, Sgt. Langdale never mentions the June Order giving Appellant permission to ready the home for sale and clear the property, does not attached the June Order, and does not mention the prior conversations with ADA DiRosato. R.R. 25-27. During the preparation of the Affadivit of Probable Cause, Langdale admits that he was aware

of the June Order as well as Sgt. Haines prior conversations with ADA DiRosato and that he intentionally chose not to include them. R.R 89-95.

Based upon Sgt. Langdale's Affidavit of Probable Cause, a magistrate issued an arrest warrant and Appellant was arrested and charged with the crimes of "theft", "receiving stolen property" and "unauthorized use of a vehicle." R.R. 24-26. The June Order was eventually introduced as an exhibit at Appellant's preliminary hearing before the same magistrate who signed the arrest warrant. Appellant then had a bench trial where she was found not guilty by Judge Capuzzi who articulated that it was "beyond the understanding of this Court as to why…an arrest warrant, which was approved by an ADA, was issued for Defendant [when] Defendant was acting within the scope of the court order." R.R. 28.

## SUMMARY OF ARGUMENT

The District Court in this case misapplied the summary judgment standard in two distinct ways: (1) Misinterpreting the factual record in favor of Appellees when it resolved a genuine issue of material fact which, should have been left for a jury determination; and (2) improperly determining that Appellees' omission of the June Order from the Affidavit of Probable Cause, as well as, the conversation with Assistant District Attorney Chris DiRosato were not material to a probable cause finding.

## ARGUMENT

### A.   Standard of Review for Appeal

The appellate court exercises plenary review over a district court's grant of Summary Judgment and reviews the facts in the light most favorable to the party against whom Summary Judgment was entered. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247 (3d Cir. Pa. 2014); Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010). To survive Summary Judgment based on allegations of willful misconduct and reckless disregard, a plaintiff must come forward with evidence from which it can be inferred that the defendant-officials are at the time suit is filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm. Heggenmiller v. Edna Mahan Corr. Inst., 128 Fed. Appx. 240 (3d Cir. 2005) Beers-Capitol v. Whetzel, 256 F.3d 120, 132 (3d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994). A court should not prevent a case from reaching a fact-finder "simply because the court favors one of several reasonable views of the evidence." Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999). As such, Summary Judgment is appropriate only if **no reasonable juror** could conclude that a plaintiff's clearly established rights were violated. Conn v. Gabbert, 526 U.S. 286, 119 S. Ct. 1292, 1295, 143 L. Ed. 2d 399 (1999) (emphasis added).

In reviewing a motion for Summary Judgment based on an invocation of official immunity, normal principles of summary judgment still apply, and any disputes of fact must still be resolved in favor of the non-moving party. <u>Estate of Smith v. Marasco</u>, 30 F.3d 140, 148 n.3 (3d Cir. 2005) (contradictory testimony regarding whether officer gave proper instructions for searching appellant's home precluded summary judgment as to qualified immunity; crediting appellant's version of the evidence, reasonable officer would have known he was violating appellant's rights).

The District Court in this case misapplied the summary judgment standard in two distinct ways: (1) Misinterpreting the factual record in favor of Appellees when it resolved a genuine issue of material fact which, should have been left for a jury determination; and (2) improperly determining that Appellees' omission of the June Order from the Affidavit of Probable Cause, as well as, the conversation with Assistant District Attorney Chris DiRosato were as not material to a probable cause finding.

## B.    Validity of the Warrant

A plaintiff may challenge the presumption of validity afforded a warrant where the issuing judge was misled by information contained in the affidavit that the affiant either (1) knew was false or (2) would have known was false had he not

recklessly disregarded the truth; and (3) that "such statements or omissions [were] material, or necessary, to the finding of probable cause." Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000).

For the purposes of this brief however, Appellant will briefly review prongs (1) and (2) mentioned above before spending the majority of her argument on why the omission of the June Order is "material" to the finding of probable cause as the lower court's granting of Summary Judgment to the Appellees was predominately, if not completely, based on a "materiality" analysis.

### a.  Knowing Reckless Disregard for the Truth

Before a search or arrest warrant is issued, the Fourth Amendment requires a truthful factual showing in the affidavit used to establish probable cause. Franks v. Delaware, 438 U.S. 154, 165-66 (1978) ("When the Fourth Amendment demands a factual showing sufficient to compromise 'probable cause,' the obvious assumption is that there will be a truthful showing."). Because "the Constitution prohibits an officer from making perjurious or recklessly false statements in support of a warrant," Kelly v. Curtis, 21 F.3d 1544, 1554 (11th Cir. 1994), a complaint that an officer knowingly filed a false affidavit to secure a search or arrest warrant states a claim under section 1983.  See United States v. Basham, 286 F.3d 1199, 1204 (10th Cir. 2001) ("It is a violation of the Fourth Amendment for

an affiant to knowingly and intentionally, or with reckless disregard for the truth, make a false statement in an affidavit."), cert. denied, 535 U.S. 945 (2002); Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000). Further, where an officer knows, or has reason to know, that he has materially misled a magistrate on the basis for a finding of probable cause the shield of qualified immunity is lost. Sherwood v. Mulvihill, 113 F.3d 396 (3d Cir. 1997) (citing Velardi v. Walsh, 40 F.3d 569 (2d Cir 1994).

### b.    Omissions Demonstrate Reckless Disregard

In addition to a false statement in the affidavit, a material omission of information may also trigger a Constitutional violation, Sherwood at 399, because "by reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw." Primus v. Burnosky, 2003 U.S. Dist. LEXIS 6713 (E.D. Pa. Apr. 16, 2003) (citing United States v. Stanert, 762 F.2d 775, 781 (9th Cir. 1985)). Assertions are made with "reckless disregard for the truth" when, "viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." Wilson v. Russo, 212 F.3d 781, 788 (3d Cir. 20000) (citing United States v. Clapp, 46 F.3d 795 at 801 n.6)).

Omissions, on the other hand, are made with "reckless disregard for the truth" when a law enforcement officer omits facts that "any reasonable person would have known the judge would wish to have brought to his attention." <u>Wilson</u>, 212 F.3d 781 (3d Cir. 2000).   Finally, the plaintiff must show that the false statements or omissions were "material" to a finding of probable cause. To determine materiality of the misstatements or omissions, a court must excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether the "corrected" affidavit would establish probable cause. <u>Reedy v. Evanson</u>, 615 F.3d 197 (3d Cir. Pa. 2010). This two-part exercise – determining the affiant's motivation and construing a revised affidavit without material omissions or misstatements- ensures that the police officer does not make unilateral decisions about the materiality of information, or, after satisfying him or herself that probable cause exists, merely inform the magistrate or judge of inculpatory evidence. <u>Meketa v. Kamoie</u>, 955 F. Supp. 2d 345 (M.D. Pa. 2013).

### c.    Defendant's Omissions Were Material to the Probable Cause Finding

An officer seeking a warrant on the basis of probable cause must follow a two-step process: First, the officer swears to an affidavit containing a summary of events that he believes give rise to probable cause. In doing so, the officer "is not free to disregard plainly exculpatory evidence even if substantial inculpatory

evidence (standing by itself) suggests that probable cause exists. <u>Wilson</u>, 212 F.3d at 790 (quoting <u>Kuehl v. Burtis</u>, 173 F.3d 646, 650 (8th Cir. 1999)). Second, the officer presents the affidavit to a neutral magistrate, who conducts his own independent review of the evidence to determine whether it does, in fact, establish probable cause, and, of so, issues a warrant. If however, the officer does not provide the neutral magistrate with an accurate affidavit of probable cause, the protection afforded the magistrate's review is lost; the magistrate will be unable to assess the circumstances for probable cause because he will not know what those circumstances actually are. <u>Dempsey v. Bucknell Univ</u>., 2016 U.S. App. LEXIS 15334 (3d Cir. Pa. Aug. 22, 2016).

The courts have continuously noted, "Courts should exercise caution before granting a defendant summary judgment in a malicious prosecution case when there is a question of probable cause for the initiation of the criminal proceedings because, generally, **the existence of probable cause is a factual issue"** <u>Halsey v. Pfeiffer</u>, 750 F.3d 273, 300 (3d Cir. 2014) (emphasis added). Further, "many settings in which allegations of criminal conduct arise will involve circumstances that make credibility determinations delicate and difficult. Those circumstances may include…existing relationships between alleged victims and alleged perpetrators residing in the same community—or even under the same roof. Where exigencies do not require an immediate arrest, the officers undertake a careful

investigation before making the serious decision to file a criminal complaint. Dempsey v. Bucknell Univ., 2016 U.S. App. LEXIS 15334 (3d Cir. Pa. Aug. 22, 2016).

Here, Appellant argues that Appellee's violated her Constitutional rights through an "omission" of the June Order and prior conversations with Assistant District Attorney ("ADA") Chris DiRosato. The lower court rests its analysis for dismissing Appellant's case on the argument that the omission by Appellees was not material to a probable cause finding for Appellant's arrest. Ultimately the Court reasoned that while the Appellees acted with "reckless indifference" in the omission of the June 20 Order in the affidavit of probable cause, Appellees still had sufficient probable cause to arrest Appellant absent the omission of the June Order. Appendix 26. Specifically, the lower court cites Appellant's deposition testimony as evidence that Petitioner was improperly holding Burgy's cars until he returned insurance proceeds which, was enough to demonstrate probable cause on its own. Id.

The lower court interpreted Appellant's deposition testimony at 59, and 61-65 as an admittance that she was intentionally withholding Mr. Burgy's vehicles until she received the insurance check proceeds which, Appellee's argue was not permitted by the June Order. R.R. 18-31. In fact, Plaintiff never stated that she was withholding the cars for that specific purpose, instead her testimony states that she

18

discussed the June Order, the insurance check proceeds, and safeguarding the vehicles but, she never states she that she was withholding the cars as collateral until she receives the insurance check. Id. The Court has misappropriated Sergeant Haines account of the July 16th interaction with Appellant in his supplemental report as adopted by Appellant as her own statement which, never occurred. As demonstrated by an excerpt of Appellant's deposition testimony, which the lower court cites as her adoption of Haines statement in his supplemental report, Appellant never agreed to Haines statement that she was holding the vehicles as collateral for the insurance check:

> Q. …There is a supplement at the top there again prepared by Sergeant Haines dated July 16[th], 2012 at 2049, that would be 8:49 pm.
>
> It says, "Complainant John Burgy contacted 7701 and requested police department contact Grace and have his property returned. Contacted Grace who stated she is safeguarding his property and would like her property returned along with the $35,000 check that was issued by the insurance company." Now, do you remember having that discussion with Sergeant Haines?
>
> A. Yes.
>
> Q. It says, "She was cautioned on legal issues regarding the vehicles and advised she may be arrested." Do you remember what it was that Sergeant Haines said to you about these legal issues?
>
> A. No. I don't recall.

R.R. 123. Nowhere on page 59 does Laphan state that she was holding Burgy's cars as collateral for the insurance check. Id. Appellant only agreed that she stated she was safeguarding the cars and that she "would like her property returned along

with the $35,000 check…" but neither Haines in his supplemental report on July 16, or Laphan's own testimony, does it state that she was holding the cars until she receives the check. The issue of safeguarding the cars and the insurance check are mutually exclusive, meaning the release of the cars was not contingent on Burgy releasing the check to Appellant and her safeguarding the vehicles was because of the June Order.

The lower court also cites Laphan's deposition at 61-65 as evidence that she admitted to holding the vehicles as collateral for the insurance check but again, this is a misinterpretation of her statements and thus, interpretation and credibility of her statements should be left for a jury determination as fact-finder. <u>R.R. 124-25.</u> Dissecting Appellant's deposition testimony, on page 61 there is no testimony as to either the cars or the insurance check rather the entirety of page 61's testimony references a PFA order. The relevant portions of Laphan's deposition on pages 62-65, reads as follows and demonstrates that Appellant never adopted Sergeant Haines statements from his supplemental reports as her own:

> Q. "On Monday July 16th, 2012," it indicates that John Burgy spoke to the chief. It indicates that Burgy informed the chief that Grace Laphan refused to return the vehicles in spite of several requests to do so.
>
> It then goes on to indicate, "At 2045 hours, 'which would be 8:45 p.m.', "Sergeant Haines spoke with Grace Laphan and advised her to return the vehicles." Do you remember having that discussion with Sergeant Haines?

A. Yes.

Q. It says, "Grace Laphan informed Sergeant Hanines that she was safeguarding the vehicles...until John Burgy returned her property and an insurance company check in the amount of $35,000." Do you remember having that discussion with Sergeant Haines?

A. Yes.

Q. And then it goes on to say that, "Sergeant Haines informed Grace Laphan that she had no right to hold Burgy's vehicles as collateral and she was again warned of the legal ramifications." Do you remember discussing that with Sergeant Haines?

A. But I also remember him discussing being confused…

Q. Just in terms of that one sentence there're, it says, "Sergeant Haines informed Grace Laphan that she had no right to hold Burgy's vehicle as collateral and she was again warned of those legal ramifications." Did that discussion occur?

A. I don't recall in those words.

Q. Well, what's your recollection of the words he used?

A. That he didn't know what was going on. He wasn't sure.

Q. Did he suggest to you at the time that you could be arrested?

A. To me,…he told me to safeguard the vehicles, and you know, that's what I was doing. I was following the court order and I was safeguarding the vehicle and that's…

Q. Do you remember Sergeant Haines telling you that you had no right to hold the vehicles while awaiting the return of the insurance proceeds?

A. No. I don't recall that.

Q. Is says, "Grace Laphan again refused to return the vehicle upon request." Do you remember telling him at that point that you were not going to return the vehicles?

A. Yes.

R.R. 124-25. Pages 63-65 taken in totality demonstrate that Appellant never agreed that she was holding the cars as collateral when questioned during her deposition. At best, Appellant only agrees that she had conversations with Sgt. Haines about the cars, that she stated that she was safeguarding the cars per the June Order and that Sergeant Haines was confused about how to interpret the Order. While Appellant states, "yes" at one point on page 63 acknowledging the statement from Sergeant Haines's affidavit of probable cause that "she was safeguarding the vehicles…until John Burgy returned her property and an insurance company check," she does not adopt the statement as her own and merely acknowledges a conversation between herself and Sergeant Haines occurred about the topic. R.R. 124. Further, on page 64, she states that she actually does not "recall in those words" the specifics of the discussion with Sgt. Haines and stated "No. I don't recall that," when asked if she remembered Sgt. Haines telling her she "had no right to hold the vehicles while awaiting the return of the insurance proceeds. Id.  Instead of Sgt. Haines's version of the conversation, which was documented in his July 16[th] supplement and read to Petitioner, Laphan in her deposition states in her own words that Sgt. Haines only told her to "safeguard the vehicles," that Sgt. Haines was confused about the interpretation of the Order, and that she did not remember having a conversation with Sgt. Haines about holding the vehicles as collateral for the insurance proceeds. Id.; R.R. 17.  At no point does

Appellant state that she was withholding the vehicles from Burgy in an effort to induce him to return the insurance proceeds to her. Appellant agrees that she told Sergeant Haines that she was not going to return the property at that time but, she never agreed that she was not returning the vehicles because she was keeping them as collateral or the insurance check, rather she only testified that she was "safeguarding" them in accordance with the June Order which, she claims and Appellees agree, even created confusion among the officers who were trying to interpret the situation. R.R 17, 35, 90, 173, 210. The misinterpretation of the Appellant's statements in record is sufficient to establish a genuine issue of material fact, such that the discrepancy between the Appellant's actual statements and Appellees' different recitation of the facts should reach a jury for determination on the truthfulness and validity of each.

Similarly, a genuine issue of material fact is created by the conflict over the interpretation of the word "property" in the June Order. The June Order reads in pertinent part:

f)  Defendant John W. Burgy, shall vacate the premises immediately;

g)  Defendant John W. Burgy, shall within (10) days from the date of this Order, personally remove and/or personally pay for the removal of debris, materials, supplies and equipment which he has allowed to accumulate and remain on the premises;

h)  Defendant John W. Burgy, shall endorse, and turn over to Plaintiff, Grace Lapham, within (10) days from the date of this Order, the insurance proceeds check in the amount of [$35,516.02], so that it

may be used to apply towards the mortgage on the property, to the benefit of both parties hereto;

i) The property shall be listed for sale immediately…; and

j) Plaintiff, Grace Laphan, shall be granted sole access to the property to prepare it for the sale as she deems appropriate.

<u>R.R. 1-2</u> (emphasis added). Appellees contend in their Motion for Summary Judgment, "…probable cause existed and Defendant Langdale did not make any material misrepresentations or any material omissions in the Affidavit of Probable Cause which sought an arrest warrant for the plaintiff…and the failure to include Judge Burr's Order…was not a material omission  that a neutrally detached magistrate would want to know of since it did not apply to vehicles and Judge Lippincott was aware of the Order at the time of the Preliminary Hearing." <u>Appendix 33</u>.

First, Appellant disputes Appellees interpretation of the term "property" and argues that if her definition of "property" were used in an analysis of the June Order, a neutral magistrate would have wanted to know about the Order which, would have clarified that the term "property" meant physical items on the land which, were impeding the cleaning of the premises and sale of the home. The intent of the June Order is fairly clear despite what ambiguity may be involved with the definition of "property" when not taken in context of the Order as a whole. Taken in totality, the Order allows Laphan to ready the home for sale as "she deems appropriate." Apparently Appellees would argue that Laphan could

have prepared the house for sale and could remove everything except the cars because it was not specifically stated in the Order. Including the June Order would have clarified to the magistrate that term "Property" did in fact include all items on the property and not just the house itself.

Second, Appellant also contends that Affidavit of Probable Cause fails to mention Sgt. Haines's prior conversation with ADA Chris DiRosato who Appellee admits told him, that while the Order was "confusing, "the order allows her to clear the property for sale" which, "would mean that she would have to safeguard the vehicle (sic) which she ha[s] done." R.R. 21. DiRosato informed Haines that both parties should contact their attorneys and the courts on Monday for clarification. Id. Again taken in totality, this information along with the omitted June Order are material to the probable cause finding and one a neutral magistrate would have wanted to know before signing an arrest warrant. Id.

Finally, there is a discrepancy between the lower court's finding that probable cause existed absent the omission of the June Order, and Judge Capuzzi, who was the presiding Judge over Appellant's criminal trial. R.R. 28; Appendix-18-31. This discrepancy between probable cause interpretations means that there is a genuine issue of material fact which should go to a jury for a finding. If two Judges, trained and learned in the intricacies and various facets of the law have different interpretations of a probable cause finding, then clearly a "reasonable

juror" could also find that probable cause did not exist. While the lower court held that there was probable cause even if the June Order was attached, Judge Capuzzi during Appellant's criminal trial held that probable cause did not exist.

> It is beyond the understanding of this Court as to why, on or about July 17, 2012 an arrest warrant, which was approved by ADA, was issued for the Defendant. The Defendant was acting within the scope of the court order. It was alleged victim who violated the court order by being on the property.

> Theft by Unlawful Taking or Disposition, 18 Pa.C.S. 3921, requires the unlawful taking or control over movable property. **The Defendant's action in having the vehicles towed was permitted**, as per the Order of June 20, 2012.

> Unauthorized Use of a Motor Vehicle, 18 Pa. C.S. §3928, requires the unlawful taking or control per movable property. The Defendant never operated the vehicle; rather, it was towed. **Second, Defendant was authorized to have the vehicles moved, as per the Court Order**.

> This was an egregious waste of judicial time, as well as UPPD time. It is unfortunate that costs cannot be assessed against John Burgy for using the criminal justice system as a harassment tool in his uncivil dispute with the Defendant.

R.R. 28 (emphasis added).

Contrast Judge Capuzzi's probable cause analysis with the lower court's and there is a clear difference between legal minds as to whether there was probable cause to arrest Appellant which, evidences that this is a material issue of genuine fact for the jury to determine. Appendix 26-27, fn. 7, 9.

Under a material omission analysis, the Court should add the omitted information to the affidavit of probable cause and then determine if probable cause would still exist. Reedy v. Evanson, 615 F.3d 197 (3d Cir. Pa. 2010); Meketa v. Kamoie, 955 F. Supp. 2d 345 (M.D. Pa. 2013). Here, as the criminal court alluded to, probable cause would not have existed once the June Order was attached. See R.R. 28.

Once the evidence is taken in totality rather than individual, separate elements, it becomes apparent that there are genuine issues of material fact which, should be resolved by a jury and are not questions of law. First, Appellant's deposition testimony was misinterpreted by the lower court. Second, the conversations between the police and ADA Chris DiRosato were not mentioned in the Affidavit of Probable Cause. R.R. 27, 89. Third, the term "property" in the June Order is open to several interpretations which, should be left for the jury to determine and then decide if their interpretation based on the credibility and testimony of witnesses, establishes that the June Order was not material to the probable cause finding when it was omitted from the Affidavit of Probable Cause. Id. Finally, both Judge Brody from the lower court and Judge Capuzzi reviewed the same facts and find a completely different outcome for a probable cause analysis. If two legal minds have a different opinion as to probable cause, than surely reasonable jurors could also find differing outcomes which, demonstrates

that there is still a genuine issue of material fact despite the lower court's assertion to the contrary.

## CONCLUSION

For all the foregoing reasons, this Honorable Court should reverse the judgment of the United States District Court of Pennsylvania, entered February 17, 2016.

Respectfully submitted,
OXMAN GOODSTADT KURITZ, P.C.

By: /s/ Joseph S. Oxman, Esquire
Attorney for Plaintiff, Grace Laphan

Date: September 12, 2016

## **<u>CERTIFICATE OF BAR MEMBERSHIP</u>**

I, Joseph S. Oxman, counsel for Appellant, hereby certify that I am a member in

good standing of the Bar of the United States Court of Appeals for the Third

Circuit.

Respectfully submitted,
OXMAN GOODSTADT KURITZ, P.C.

By: /s/ Joseph S. Oxman, Esquire
Attorney for Plaintiff, Grace Laphan

Date: September 12, 2016

## <u>CERTIFICATE OF WORD COUNT</u>

I hereby certify that the foregoing Brief satisfied the word count requirement

established by Fed. R. App. P. 29(d) and 32(a)(7)(B).


Respectfully submitted,
OXMAN GOODSTADT KURITZ, P.C.

By: /s/ Joseph S. Oxman, Esquire
Attorney for Plaintiff, Grace Laphan

Date: September 12, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2016, I electronically filed the foregoing

using the Court's CM/ECF system, which sent a notification of such filing to the

following:  Robert DiDomenicis and Hans Edward Solum, Jr. Also on this day, I

sent 10 copies of the foregoing to the Office of the Clerk of the Court.


**Michael F. Kunz, Clerk of the Court**
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

**Robert DiDomenicis, Esquire**
Holsten and Associates
One Olive Drive
Media, PA 19063

**Hans Edward Solum Jr., Esquire**
127 Chester Pike
Ridley Park, PA 19078


                    Respectfully submitted,
                    OXMAN GOODSTADT KURITZ, P.C.

                    By: /s/ Joseph S. Oxman, Esquire
                    Attorney for Plaintiff, Grace Laphan

Date: September 12, 2016

## <u>CERTIFICATE OF IDENTICAL COMPLIANCE OF BRIEFS</u>

I certify that the E-Brief and Hard Copies of the brief are identical.

Respectfully submitted,
OXMAN GOODSTADT KURITZ, P.C.

By: /s/ Joseph S. Oxman, Esquire
Attorney for Plaintiff, Grace Laphan

Date: September 12, 2016

## **CERTIFICATE THAT VIRUS SCAN WAS PERFORMED**

I hereby certify that the foregoing brief was tested for viruses before being filed

with the ECF system. No viruses were detected.

Respectfully submitted,
OXMAN GOODSTADT KURITZ, P.C.

By: /s/ Joseph S. Oxman, Esquire
Attorney for Plaintiff, Grace Laphan

Date: September 12, 2016

**Table of Contents - Appendix**

Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Appendix 1-16

Motion for Summary Judgment Final Order (Brody, J.) . . . . . . . . . . . . . . . . . .  Appendix 17

Memorandum of Law Accompanying Final Order (Brody, J.) . . . . . . . . . . . . . .  Appendix 18-31

Defendants'/Appellees' Motion for Summary Judgment. . . . . . . . . . . . . . . . . .  Appendix 32-37

**OXMAN GOODSTADT KURITZ, P.C.**
BY: HARRY J. OXMAN
IDENTIFICATION NO. 13116
BY: JOSEPH J OXMAN
IDENTIFICATION NO: 207956
The Bourse Building, Suite 740
111 South Independence Mall East
Philadelphia PA 19107
(215) 665-9999

ATTORNEY FOR PLAINTIFF
JURY TRIAL DEMANDED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**GRACE LAPHAN**
                         Plaintiff,

vs.

**SGT. WILLIAM HAINES, SGT.
MICHAEL LANGDALE, CHIEF DAVID
MONTELLA, OFFICER GEORGE
MOORE, JOHN BURGY**
and
**UPPER PROVIDENCE TOWNSHIP**
                         Defendants.

**CIVIL ACTION NO.: 14-4063**

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Plaintiff above named, Grace Laphan, hereby Appeals

to the Pennsylvania Third District Court of Appeals from the Trial Court's Order granting

Summary Judgment in favor of defendants William Haines, Michael Langdale, David Montella,

George Moore and Upper Providence Township, dated February 16, 2016 and The remaining

parties stipulation of voluntary dismissal of defendant John Burgy, dated April 5, 2016. The

Orders have been entered on the docket as evidenced by the attached copy of the docket entries.

A copy of the Courts' Orders is also attached.

This Notice of Appeal is being filed pursuant to Federal Rule of Appellate Procedure 4(a),

as the Trial Court's Order of April 5, 2016 is a final Order.

Appendix 1

Respectfully submitted,

BY: _____

JOSEPH OXMAN, ESQUIRE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Plaintiff's Notice of Appeal was

electronically filed with the Court and has been forwarded to all parties whose names and

addresses appear below by electronic mail

**The Honorable Judge Anita Brody**
United States District Court, Eastern District of Pennsylvania
601 Market Street, Room 7613
Philadelphia, PA. 19106

**Michael F. Kunz, Clerk of the Court**
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA. 19106

**Robert DiDomenicis, Esquire**
Hoslten and Associates
One Olive Street
Media, PA 19063

**Hans Edward Solum Jr.**
127 Chester Pike
Ridley Park, Pa. 19078

OXMAN GOODSTADT KURITZ, P.C.

BY: _____
JOSEPH OXMAN

Appendix 3

## **VERIFICATION**

JOSEPH OXMAN, ESQUIRE, being duly sworn according to law, depose and say that he is the attorney for the plaintiff in this action and verifies that the facts set forth in the foregoing Notice of Appeal thereof are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

JOSEPH OXMAN, Attorney for Plaintiff

Case: 16-2117    Document: 003112405434    Page: 39    Date Filed: 09/12/2016

APR/01/2016/FRI Case 2:14-cv-04063-AB    Document 47 Filed 04/27/16    Page 5 of 16 P. 001
Case 2:14-cv-04063-AB    Document 46    Filed 04/05/16    Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRACE LAPHAN** | |
| Plaintiff, | **CIVIL ACTION NO.: 14-4063** |
| vs. | |
| **SGT. WILLIAM HAINES, SGT. MICHAEL LANGDALE, CHIEF DAVID MONTELLA, OFFICER GEORGE MOORE, JOHN BURGY** and **UPPER PROVIDENCE TOWNSHIP** Defendants. | |

## STIPULATION OF VOLUNTARY DISMISSAL OF DEFENDANT JOHN BURGY

AND NOW, this 30th day of March , 2016, it is hereby STIPULATED and AGREED,

by and between the parties, and their respective counsel, that defendant John Burgy, is

DISMISSED from this action, with prejudice. Defendant further STIPULATES and AGREES

not to Petition the Court to have his costs of litigation paid by plaintiff and that defendant John

Burgy agrees that he will make himself available to testify at trial, should there be one, regarding

the remaining defendants Sgt. William Haines, Sgt. Michael Langdale, Officer George Moore

and Upper Providence Township.

It is further understood and agreed that the dismissal of John Burgy will not in any way

affect the plaintiff's right to pursue any appeal regarding defendants Sgt. William Haines, Sgt.

Michael Langdale, Officer George Moore and Upper Providence Township.

It is further STIPULATED and AGREED that this stipulation may be submitted to the

Court for approval and may be signed in counterparts and filed with the Court in that manner.

*/s/ Joseph Oxman*                                    */s/ Hans Edward Solum, Jr.*
Joseph Oxman, Esquire                              Hans Edward Solum, Jr., Esquire
Counsel for Plaintiff                                   Counsel for Defendant John Burgy

Appendix 5

APPROVED BY THE COURT

The Honorable Anita B. Brody

4/4/16

Copies via ECF on—

Case: 16-2117     Document: 003112405434     Page: 41     Date Filed: 09/12/2016

Case 2:14-cv-04063-AB   Document 47   Filed 04/27/16   Page 7 of 16
Case 2:14-cv-04063-AB   Document 44   Filed 02/17/16   Page 1 of 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GRACE LAPHAN,                              :
                                          :
    Plaintiff,                         :          CIVIL ACTION
                                          :          No. 14-4063
    v.                                 :
                                          :
SERGEANT WILLIAM HAINES, et al.           :
                                          :
    Defendants.                        :

### ORDER

    **AND NOW**, this _16th____ day of February, 2016, it is **ORDERED** that the Motion for

Summary Judgment (ECF No. 39) filed by Defendants Sergeant William Haines, Sergeant

Michael Langdale, Chief David Montella, and Upper Providence Township is **GRANTED**. John

Burgy is the only remaining Defendant in this case.

s/Anita B. Brody

                       _____

                       ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to:

United States District Court Eastern District of Pennsylvania     https://ecf.paed.uscourts.gov/cgi-bin/DktRpt.pl?141486268983375-L...
Case 2:14-cv-04063-AB     Document 47     Filed 04/27/16     Page 8 of 16

CLOSED,SPECIAL

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:14-cv-04063-AB

| | |
|---|---|
| LAPHAN v. HAINES et al | Date Filed: 07/02/2014 |
| Assigned to: HONORABLE ANITA B. BRODY | Date Terminated: 04/05/2016 |
| Cause: 42:1983 Civil Rights Act | Jury Demand: Both |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**GRACE LAPHAN**      represented by   **JOSEPH S. OXMAN**
OXMAN GOODSTADT KURITZ
111 SOUTH INDEPENDENCE MALL
EAST
SUITE 740
PHILADELPHIA, PA 19106
215-665-9999
Email: oxmanj@ogklawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**WILLIAM HAINES**      represented by   **MICHAEL P. LAFFEY**
*SGT.*
*TERMINATED: 02/17/2016*

Siana, Bellwoar and McAndrew, LLP
941 Pottstown Pike, Suite 200
Suite 200
Chester Springs, PA 19425
6103215500
Fax: 6103210505
Email: mplaffey@sianalaw.com
*TERMINATED: 01/02/2015*

**ROBERT P. DIDOMENICIS**
HOLSTEN & ASSOCIATES
ONE OLIVE STREET
MEDIA, PA 19063
610-627-2437
Email: rdidomenicis@holstenassoc.com

Appendix 8

TERMINATED: 02/17/2016
ATTORNEY TO BE NOTICED

**Defendant**

**MICHAEL LANGDALE**
*SGT.*
*TERMINATED: 02/17/2016*

represented by **MICHAEL P. LAFFEY**
(See above for address)
*TERMINATED: 01/02/2015*

**ROBERT P. DIDOMENICIS**
(See above for address)
*TERMINATED: 02/17/2016*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAVID MONTELLA**
*CHIEF*
*TERMINATED: 02/17/2016*

represented by **MICHAEL P. LAFFEY**
(See above for address)
*TERMINATED: 01/02/2015*

**ROBERT P. DIDOMENICIS**
(See above for address)
*TERMINATED: 02/17/2016*
*ATTORNEY TO BE NOTICED*

**Defendant**

**GEORGE MOORE**
*OFFICER*
*TERMINATED: 11/04/2014*

represented by **MICHAEL P. LAFFEY**
(See above for address)
*TERMINATED: 11/04/2014*

**ROBERT P. DIDOMENICIS**
(See above for address)
*TERMINATED: 11/04/2014*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN BURGY**
*TERMINATED: 04/05/2016*

represented by **HANS EDWARD SOLUM , JR.**
127 CHESTER PIKE
RIDLEY PARK, PA 19078
610-299-04662
Fax: 610-595-1448
Email: HESlawoffice@comcast.net
*TERMINATED: 04/05/2016*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

Appendix 9

**UPPER PROVIDENCE TOWNSHIP**
*TERMINATED: 02/17/2016*

represented by **MICHAEL P. LAFFEY**
(See above for address)
*TERMINATED: 01/02/2015*

**ROBERT P. DIDOMENICIS**
(See above for address)
*TERMINATED: 02/17/2016*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/02/2014 | 1 | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 103711.), filed by GRACE LAPHAN.(tj, ) (Entered: 07/03/2014) |
| 07/02/2014 | | Summons Issued as to JOHN BURGY, WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, GEORGE MOORE, UPPER PROVIDENCE TOWNSHIP. Forwarded To: Counsel on 7/2/14 (tj, ) (Entered: 07/03/2014) |
| 07/02/2014 | | DEMAND for Trial by Jury by GRACE LAPHAN. (tj, ) (Entered: 07/03/2014) |
| 07/14/2014 | 2 | AFFIDAVIT of Service by Larry Clark re: served Complaint upon Sgt. William Haines by personal on 07/09/2014 (OXMAN, JOSEPH) (Entered: 07/14/2014) |
| 07/14/2014 | 3 | AFFIDAVIT of Service by Larry Clark re: served Complaint upon Sgt. Michael Langdale by personal on 07/09/2014 (OXMAN, JOSEPH) (Entered: 07/14/2014) |
| 07/14/2014 | 4 | AFFIDAVIT of Service by Larry Clark re: served Complaint upon Chief David Montella by personal on 07/09/2014 (OXMAN, JOSEPH) (Entered: 07/14/2014) |
| 07/14/2014 | 5 | AFFIDAVIT of Service by Larry Clark re: served Complaint upon Officer George Miller by personal on 07/09/2014 (OXMAN, JOSEPH) (Entered: 07/14/2014) |
| 07/14/2014 | 6 | AFFIDAVIT of Service by Larry Clark re: served Complaint upon Upper Providence Township by Elizabeth Weaver accepted service on 07/09/2014 (OXMAN, JOSEPH) (Entered: 07/14/2014) |
| 07/15/2014 | 7 | AFFIDAVIT of Service by Joseph Valentine re: served Complaint upon John Burgy by personal on 07/08/2014 (OXMAN, JOSEPH) (Entered: 07/15/2014) |
| 07/28/2014 | 8 | NOTICE of Appearance by MICHAEL P. LAFFEY on behalf of WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, GEORGE MOORE, UPPER PROVIDENCE TOWNSHIP with Jury Demand and Certificate of Service(LAFFEY, MICHAEL) (Entered: 07/28/2014) |
| 07/28/2014 | 9 | NOTICE of Appearance by ROBERT P. DIDOMENICIS on behalf of WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, GEORGE MOORE, UPPER PROVIDENCE TOWNSHIP with Jury Demand and Certificate of Service(DIDOMENICIS, ROBERT) (Entered: 07/28/2014) |

| 07/28/2014 | 10 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, GEORGE MOORE, UPPER PROVIDENCE TOWNSHIP.Memorandum of Law, Certificate of Service.(LAFFEY, MICHAEL) (Entered: 07/28/2014) |
|---|---|---|
| 07/30/2014 | 11 | MOTION to Dismiss filed by JOHN BURGY. MEMORANDUM OF LAW IN SUPPORT. CERTIFICATE OF SERVICE.(kp, ) (Entered: 07/31/2014) |
| 08/12/2014 | 12 | JOINT MOTION to Allow an Extension of Time for Plaintiff to Answer re 10 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by GRACE LAPHAN..(OXMAN, JOSEPH) Modified on 8/13/2014 (fb). (Entered: 08/12/2014) |
| 08/13/2014 | 13 | ORDER THAT THE MOTION FOR AN EXTENSION FOR PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION TO DISMISS IS GRANTED, AND PLAINTIFF'S RESPONSE IS DUE BY 8/18/2014.. SIGNED BY HONORABLE NITZA I QUINONES ALEJANDRO ON 8/13/2014. 8/13/2014 ENTERED AND COPIES MAILED, E-MAILED.(kp, ) (Entered: 08/13/2014) |
| 08/14/2014 | 14 | Answer, to 11 MOTION to Dismiss, 10 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Under Federal Rule of Civil Procedure 12(b)(6)* filed by GRACE LAPHAN. (OXMAN, JOSEPH) Modified on 8/18/2014 (fb). (Entered: 08/14/2014) |
| 08/21/2014 | 15 | NOTICE of Hearing:A RULE 16 CONFERENCE WILL BE HELD ON 9/2/2014 AT 10:00 AM IN CHAMBERS, ROOM 7613 ON THE 7TH FLOOR, BEFORE HONORABLE ANITA B. BRODY.8/21/2014 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 08/21/2014) |
| 08/26/2014 | 16 | ORDER that THE RULE 16 CONFERENCE SCHEDULED FOR SEPTEMBER 2, 2014 AT 10:00 A.M. IS CANCELED AND RESCHEDULED FOR SEPTEMBER 23, 2014 AT 3:00 P.M.. THE CONFERENCE WILL BE HELD IN CHAMBERS, ROOM 7613 ON THE 7TH FLOOR OF THE U.S. COURTHOUSE, 601 MARKET ST., PHILADELPHIA, PA.. SIGNED BY HONORABLE ANITA B. BRODY ON 8/26/2014. 8/26/2014 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 08/26/2014) |
| 09/17/2014 | 17 | Discovery Plan by WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, GEORGE MOORE, UPPER PROVIDENCE TOWNSHIP. (DIDOMENICIS, ROBERT) (Entered: 09/17/2014) |
| 09/18/2014 | 18 | Discovery Plan by WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, GEORGE MOORE, UPPER PROVIDENCE TOWNSHIP. (DIDOMENICIS, ROBERT) (Entered: 09/18/2014) |
| 09/26/2014 | 19 | Minute Entry for proceedings held before HONORABLE ANITA B. BRODY: Interim Pretrial Conference held on 9/23/2014. Court Reporter: JAMES F.G. SCHEIDT. (kp, ) (Entered: 09/26/2014) |

Appendix 11

| 09/30/2014 | 20 | SCHEDULING ORDER that ALL DISCOVERY DUE BY 3/4/2015; PLAINTIFF'S EXPERT REPORTS DUE FEBRUARY 4, 2015; DEFENDANT'S REPORTS DUE FEBRUARY 18, 2015; DEPOSITIONS OF ALL EXPERTS MUST BE COMPLETED BY MARCH 4, 2015 AND DISPOSITIVE MOTIONS DUE BY 3/18/2015.... SIGNED BY HONORABLE ANITA B. BRODY ON 9/29/2014. 9/29/2014 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 09/30/2014) |
|---|---|---|
| 10/03/2014 | 21 | AMENDED COMPLAINT against JOHN BURGY, WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, GEORGE MOORE, UPPER PROVIDENCE TOWNSHIP, filed by GRACE LAPHAN.(kp, ) (Entered: 10/03/2014) |
| 10/06/2014 | 22 | NOTICE of Hearing: TELEPHONE CONFERENCE RE: SETTLEMENT MATTERS AND POSSIBLY SCHEDULING A SETTLEMENT CONFERENCE IS SCHEDULED FOR 11/21/2014 09:15 AM BEFORE MAGISTRATE JUDGE DAVID R. STRAWBRIDGE. COUNSEL FOR PLAINTIFF IS DIRECTED TO INITIATE THIS CALL AND ONCE ALL COUNSEL ARE ON THE LINE, TO THEN JOIN CHAMBERS ON THE CALL (PH: 267-299-7790).(lds, ) (Entered: 10/06/2014) |
| 10/16/2014 | 23 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Plaintiff's Amended Complaint* filed by WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, UPPER PROVIDENCE TOWNSHIP.Memorandum and Certificate of Service.(DIDOMENICIS, ROBERT) (Entered: 10/16/2014) |
| 11/03/2014 | 24 | ORDER that THE UPPER PROVIDENCE TOWNSHIP DEFENDANTS' MOTION TO DISMISS (ECF NO. 10) IS GRANTED IN PART AND DENIED IN PART AS FOLLOWS:. ALL CLAIMS AGAINST OFFICER GEORGE MOORE ARE DISMISSED WITH PREJUDICE.... IT IS FURTHER ORDERED that DEFENDANT BURGY'S MOTION TO DISMISS (ECF NO. 11) IS DENIED AS MOOT IN LIGHT OF PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 21).. SIGNED BY HONORABLE ANITA B. BRODY ON 11/3/2014.11/3/2014 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 11/03/2014) |
| 11/04/2014 | 25 | ORDER that THE COURT'S NOVEMBER 3RD ORDER (ECF NO. 24) IS VACATED. IT IS FURTHER ORDERED, IN LIGHT OF THE AGREEMENT OF THE PARTIES ON THE RECORD AT THE RULE 16 CONFERENCE HELD ON SEPTEMBER 23RD, 2014, that THE UPPER PROVIDENCE TOWNSHIP DEFENDANTS' MOTION TO DISMISS (ECF NO. 10) IS GRANTED IN PART AND DENIED IN PART AS FOLLOWS:. ALL CLAIMS AGAINST OFFICER GEORGE MOORE ARE DISMISSED WITH PREJUDICE.... IT IS FURTHER ORDERED that DEFENDANT BURGY'S MOTION TO DISMISS (ECF NO. 11) IS DENIED AS MOOT IN LIGHT OF PLAINTIFF'S AMENDED COMPLAINT (ECF NO. 21).. SIGNED BY HONORABLE ANITA B. BRODY ON 11/3/2014. 11/4/2014 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 11/04/2014) |

| 11/21/2014 | 26 | Minute Entry for proceedings held before MAGISTRATE JUDGE DAVID R. STRAWBRIDGE: Telephone Settlement Conference was held on 11/21/2014. (kp, ) (Entered: 11/21/2014) |
|---|---|---|
| 11/21/2014 | 27 | ORDER THAT A SETTLEMENT CONFERENCE IS SET FOR 2/24/2015 AT 01:30 PM BEFORE MAGISTRATE JUDGE DAVID R. STRAWBRIDGE.. SIGNED BY MAGISTRATE JUDGE DAVID R. STRAWBRIDGE ON 11/21/2014. 11/21/2014 ENTERED AND COPIES E-MAILED.(kp, ) (Entered: 11/21/2014) |
| 01/02/2015 | 28 | NOTICE of Withdrawal of Appearance by MICHAEL P. LAFFEY on behalf of WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, UPPER PROVIDENCE TOWNSHIP(LAFFEY, MICHAEL) (Entered: 01/02/2015) |
| 02/20/2015 | 29 | ANSWER to 21 Amended Complaint *with Certificate of Service* by WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, UPPER PROVIDENCE TOWNSHIP.(DIDOMENICIS, ROBERT) Modified on 2/23/2015 (tjd). (Entered: 02/20/2015) |
| 02/23/2015 | 30 | NOTICE of Hearing: SETTLEMENT CONFERENCE SCHEDULED FOR 2/24/15 AT 1:30 P.M. IS POSTPONED. A FURTHER STATUS TELEPHONE CONFERENCE RE: SETTLEMENT MATTERS IS SET FOR 4/23/2015 04:30 PM BEFORE MAGISTRATE JUDGE DAVID R. STRAWBRIDGE. COUNSEL FOR PLAINTIFF IS DIRECTED TO INITIATE THIS CALL AND ONCE ALL COUNSEL ARE ON THE LINE, TO THEN JOIN CHAMBERS ON TO THE CALL (PH: 267-299-7790).(lds, ) Modified on 2/24/2015 (tjd). (Entered: 02/23/2015) |
| 03/12/2015 | 31 | AMENDED SCHEDULING ORDER that UPON CONSIDERATION OF COUNSELS' JOINT REQUEST FOR AN EXTENSION OF THE COURT'S SCHEDULING ORDER (ECF NO. 20), A 60 DAY EXTENSION WILL BE GRANTED. THE COURT'S SCHEDULING ORDER IS AMENDED AS FOLLOWS: ALL DISCOVERY DUE BY 5/4/2015; PLAINTIFF'S EXPERT REPORTS DUE APRIL 6, 2015; DEFENDANT'S REPORTS DUE APRIL 20, 2015; DEPOSITIONS OF ALL EXPERTS MUST BE COMPLETED BY MAY 4, 2015 AND DISPOSITIVE MOTIONS DUE BY 5/18/2015..... SIGNED BY HONORABLE ANITA B. BRODY ON 3/10/2015. 3/12/2015 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 03/12/2015) |
| 03/17/2015 | 32 | STIPULATION AND ORDER - UPON CONSIDERATION OF THE STIPULATION OF THE PARTIES AGREEING TO DISMISS COUNT III OF PLAINTIFF'S AMENDED COMPLAINT, IT IS HEREBY ORDERED AND DECREED: COUNT III OF PLAINTIFF'S AMENDED COMPLAINT... FURTHER, SAID DEFENDANTS MOTION FOR PARTIAL DISMISSAL FILED WITH THE COURT ON OCTOBER 16, 2014 (DOCUMENT #23) IS DISMISSED AS MOOT.. SIGNED BY HONORABLE ANITA B. BRODY ON 3/6/2015. 3/17/2015 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 03/17/2015) |

Appendix 13

| 04/28/2015 | 33 | NOTICE of Hearing: STATUS TELEPHONE CONFERENCE RE: SETTLEMENT MATTERS IS SET FOR 5/28/2015 04:30 PM BEFORE MAGISTRATE JUDGE DAVID R. STRAWBRIDGE. COUNSEL FOR PLAINTIFF IS DIRECTED TO INITIATE THIS CALL AND ONCE ALL COUNSEL ARE ON THE LINE, TO THEN JOIN CHAMBERS ON THE CALL (CHAMBERS PH: 267-299-7790).(lds, ) (Entered: 04/28/2015) |
|---|---|---|
| 05/15/2015 | 34 | Letter to the Court requesting a joint extension of time by GRACE LAPHAN. (OXMAN, JOSEPH) Modified on 5/20/2015 (tjd). (Entered: 05/15/2015) |
| 05/18/2015 | 35 | MOTION for Summary Judgment filed by WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, UPPER PROVIDENCE TOWNSHIP.Motion for Summary Judgment of Defendants Haines, Langdale, Montella and Upper Providence Township in accordance with the Preferred Procedure of The Honorable Anita B. Brody with Certificate of Service. (DIDOMENICIS, ROBERT) (Entered: 05/18/2015) |
| 05/20/2015 | 36 | ORDER that PLAINTIFF SHALL SUBMIT EXPERT REPORTS ON OR BEFORE JUNE 16, 2015 AND DEFENDANT SHALL SUBMIT EXPERT REPORTS BY JUNE 29, 2015. DISPOSITIVE MOTIONS SHALL BE FILED ON OR BEFORE JULY 18, 2015.. SIGNED BY HONORABLE ANITA B. BRODY ON 5/19/2015. 5/20/2015 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 05/20/2015) |
| 05/27/2015 | 37 | ORDER that THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, MONTELLA, LANGDALE, HAINES AND UPPER PROVIDENCE TOWNSHIP FILED ON MAY 18, 2015, SHALL BE MARKED WITHDRAWN, WITHOUT PREJUDICE AND SAID DEFENDANTS MAY REFILE SAID MOTION ON OR BEFORE JULY 18, 2015 IN ACCORDANCE WITH THE COURT'S ORDER OF MAY 19, 2015.. SIGNED BY HONORABLE ANITA B. BRODY ON 5/26/2015.5/27/2015 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 05/27/2015) |
| 05/29/2015 | 38 | Minute Entry for proceedings held before MAGISTRATE JUDGE DAVID R. STRAWBRIDGE Telephone Settlement Conference held on 5/28/2015. (kp, ) (Entered: 05/29/2015) |
| 07/17/2015 | 39 | MOTION for Summary Judgment filed by WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, UPPER PROVIDENCE TOWNSHIP.Motion for Summary Judgment in Accordance with Preferred Procedures of The Honorable Anita Brody with Certificate of Service. (DIDOMENICIS, ROBERT) (Entered: 07/17/2015) |
| 07/31/2015 | 40 | RESPONSE to Motion re 39 MOTION for Summary Judgment filed by GRACE LAPHAN. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(OXMAN, JOSEPH) Modified on 8/4/2015 (tjd). (Attachment 6 replaced on 8/4/2015) (tjd, ). (Entered: 07/31/2015) |

| | | |
|---|---|---|
| 08/06/2015 | 41 | STIPULATION AND ORDER... SAID ENLARGEMENT IS GRANTED AND DEFENDANTS SHALL HAVE UP TO AND INCLUDING AUGUST 18, 2015 IN WHICH TO FILE A REPLY BRIEF WITH RESPECT TO THE PENDING MOTIONFOR SUMMARY JUDGMENT.. SIGNED BY HONORABLE ANITA B. BRODY ON 8/6/2015. 8/6/2015 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 08/06/2015) |
| 08/06/2015 | | Set/Reset Deadlines as to 39 MOTION for Summary Judgment . REPLY BRIEF DUE BY 8/18/2015. (mo, ) (Entered: 08/06/2015) |
| 08/18/2015 | 42 | REPLY to Response to Motion re 39 MOTION for Summary Judgment *with Proposed Order, Memorandum of Law In Support Thereof, Certificate of Service and Exhibits H through M* filed by WILLIAM HAINES, MICHAEL LANGDALE, DAVID MONTELLA, UPPER PROVIDENCE TOWNSHIP. (Attachments: # 1 Exhibit H, # 2 Exhibit I, # 3 Exhibit J, # 4 Exhibit K, # 5 Exhibit L, # 6 Exhibit M)(DIDOMENICIS, ROBERT) (Entered: 08/18/2015) |
| 02/17/2016 | 43 | MEMORANDUM AND/OR OPINION. SIGNED BY HONORABLE ANITA B. BRODY ON 2/16/2016. 2/17/2016 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 02/17/2016) |
| 02/17/2016 | 44 | ORDER of MEMORANDUM AND/OR OPINION (ECF NO. 43) that THE MOTION FOR SUMMARY JUDGMENT (ECF NO. 39) FILED BY DEFENDANTS SERGEANT WILLIAM HAINES, SERGEANT MICHAEL LANGDALE, CHIEF DAVID MONTELLA, AND UPPER PROVIDENCE TOWNSHIP IS GRANTED. JOHN BURGY IS THE ONLY REMAINING DEFENDANT IN THIS CASE.. SIGNED BY HONORABLE ANITA B. BRODY ON 2/16/2016. 2/17/2016 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 02/17/2016) |
| 02/18/2016 | 45 | TRIAL SCHEDULING ORDER: A CIVIL JURY TRIAL SET FOR 5/9/2016 AT 10:00 AM IN COURTROOM 7-B; A FINAL PRETRIAL CONFERENCE SET FOR 4/26/2016 AT 02:00 PM IN JUDGE CHAMBERS, ROOM 7613 ON THE 7TH FLOOR, MOTION IN LIMINE DUE BY 3/28/2016; PLAINTIFF'S PRETRIAL MEMO DUE BY 3/21/2016 AND DEFENDANT'S PRETRIAL MEMO DUE BY 3/28/2016..... SIGNED BY HONORABLE ANITA B. BRODY ON 2/18/2016. 2/18/2016 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 02/18/2016) |
| 04/05/2016 | 46 | STIPULATION AND ORDER -... that DEFENDANT JOHN BURGY, IS DISMISSED FROM THIS ACTION, WITH PREJUDICE. DEFENDANT FURTHER STIPULATES AND AGREES NOT TO PETITION THE COURT TO HAVE HIS COSTS OF LITIGATION PAID BY PLAINTIFF... APPROVED BY THE COURT:. SIGNED BY HONORABLE ANITA B. BRODY ON 4/4/2016. 4/5/2016 ENTERED AND COPIES VIA ECF.(mo, ) (Entered: 04/05/2016) |

**PACER Service Center**

Appendix 15

United States District Court Eastern District of Pennsylvania          https://ecf.paed.uscourts.gov/cgi-bin/DktRpt.pl?141486268983375-L...

| Transaction Receipt | | | |
|---|---|---|---|
| 04/18/2016 13:44:27 | | | |
| PACER Login: | og0375:3459350:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:14-cv-04063-AB |
| Billable Pages: | 6 | Cost: | 0.60 |

Appendix 16

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GRACE LAPHAN,                                    :
                                                 :
              Plaintiff,                         :        CIVIL ACTION
                                                 :        No. 14-4063
         v.                                      :
                                                 :
SERGEANT WILLIAM HAINES, et al.                  :
                                                 :
              Defendants.                        :

## **ORDER**

**AND NOW,** this __16th____ day of February, 2016, it is **ORDERED** that the Motion for

Summary Judgment (ECF No. 39) filed by Defendants Sergeant William Haines, Sergeant

Michael Langdale, Chief David Montella, and Upper Providence Township is **GRANTED**. John

Burgy is the only remaining Defendant in this case.


                                          s/Anita B. Brody

                                 _____
                                 ANITA B. BRODY, J.



Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to:

Appendix 17

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GRACE LAPHAN,                              :
                                      :    CIVIL ACTION
    Plaintiff,        :
                                      :    No. 14-4063
    v.                :
                                      :
SERGEANT WILLIAM HAINES, et al,           :
                                      :
    Defendants.       :

February 16, 2016                                    Anita B. Brody, J.

## MEMORANDUM

Plaintiff Grace Laphan brings suit against Sergeant William Haines, Sergeant Michael Langdale, Chief David Montella (collectively, "the Officers"), John Burgy, and Upper Providence Township[1] for alleged violations of her civil rights under federal and Pennsylvania law. The Officers and Upper Provide Township move for summary judgment.[2] For the reasons stated below, I will grant their motion.

## I.     BACKGROUND

Laphan and Defendant John Burgy jointly owned a house at 375 South Ridley Creek Road, Media, PA. Burgy Dep. at 8, 19, ECF No. 42, Ex. K. In 2009, Laphan and Burgy ended their relationship, Burgy Dep. at 8, and Laphan filed a lawsuit in Pennsylvania state court to resolve the ownership and disposition of the house, Laphan Dep. at 27, ECF No. 42, Ex. L.

---

[1] Laphan initially also named Officer George Moore as a defendant, but the parties stipulated to dismiss all claims against Officer Moore with prejudice. ECF No. 24.

[2] Defendant John Burgy does not move for summary judgment. Therefore, I cannot dismiss this action in its entirety; the claims against Burgy will proceed.

1

Appendix 18

On June 20, 2012, the Court of Common Pleas of Delaware County entered an order (the "June Order") in the parties' civil litigation over the house. In relevant part, the June Order states that:

a) Defendant John W. Burgy, shall vacate the premises immediately;

\* \* \*

d) Defendant John W. Burgy, shall, within ten (10) days from the date of this Order, personally remove and/or personally pay for removal of debris, materials, supplies and equipment which he has allowed to accumulate and remain on the premises:

e) Defendant, John W. Burgy, shall endorse, and turn over to Plaintiff, Grace M. Laphan, within ten (10) days from the date of this Order, the insurance proceeds check in the amount of [$35,516.03], so that it may be used to apply towards the mortgage on the property, to the benefit of both parties hereto;

f) The property shall be listed for sale immediately . . . ; and

g) Plaintiff, Grace M. Laphan, shall be granted sole access to the property to prepare it for sale as she deems appropriate.

June Order, ECF No. 40, Ex. G. On June 28, 2012, Laphan provided a copy of this order to Sergeant Michael Langdale of the Upper Providence Police Department. Laphan Dep. at 51-52; Langdale Dep. at 12-13, ECF No. 40, Ex. C. She informed him that Burgy had vacated the premises except for the garage. Laphan Dep. at 51-52; *see also* Burgy Dep. at 30.

Among the items still remaining at the house ten days after the June Order was entered were a 1966 Ford Mustang, which belonged to Burgy, and a Ford F-350 truck, which was owned by a friend's company and used for parts. *See* Laphan Dep. at 36-37; Burgy Dep. at 57; Haines Narrative, ECF No. 40, Ex. D. Approximately ten days after the June Order was entered, Laphan had these two vehicles towed from the house to a storage facility. Laphan Dep. at 40-41.

On the morning of July 6, 2012, Burgy called the police and claimed that Laphan was illegally removing items from the property. Officer George Moore was dispatched to the house

2

Appendix 19

and found Laphan and two friends loading various items into a U-Haul and cleaning out the
garage. *See* Haines Narrative; Laphan Dep. at 53. Officer Moore told Burgy what he had found
and informed Burgy of the June Order, but Burgy did not believe that Laphan had the authority
to remove his property. *See* Haines Narrative. Sergeant William Haines then called Burgy and
advised him that, under the June Order, he was evicted from the house and Laphan was
authorized to prepare the house for sale. *See id.* Burgy told the officer that the June Order was
being appealed, but was advised that the police had no record of the appeal. *See id.*; Burgy Dep.
at 35. Later in the evening of July 6, 2012, Burgy came to the police headquarters and produced
additional paperwork regarding the house and his appeal of the June Order. *See* Haines
Narrative; Burgy Dep. at 36. Again, he was told that the police only had the June Order on file
and that this order evicted him and gave Laphan sole authority to clear the property for sale. *See*
Haines Narrative.

At 8:00 p.m. on July 6, 2012, Burgy called the police to the house and reported that a side
window to the garage had been broken and that the Mustang and Ford F-350 were missing. *Id.*;
Haines Dep. at 6-8, ECF No. 42, Ex. H. Sergeant Haines, who responded to the call, contacted
Laphan. She admitted that she had the vehicles removed in order to clear the property for sale.
Haines Narrative; Haines Dep. at 8; Laphan Dep. at 55. Sergeant Haines contacted Assistant
District Attorney ("ADA") Chris DiRosato, who, after reviewing the June Order and appeal
request, indicated that he was "confused with the orders." Haines Narrative. According to
Sergeant Haines's notes, ADA DiRosato believed the vehicles belonged to the title holder, but he
also saw "where the order allow[ed] [Laphan] to clear the property for sale." *Id.* In his view, this
meant that "she would have to safeguard the vehicle[s], which she said she had done." *Id.* The
ADA advised both parties to stay away from the house and consult their attorneys. *Id.* Sergeant

3

Appendix 20

Haines reported the ADA's advice to Burgy, and left a message for Laphan. *Id.* The following

day, July 7, 2012, Sergeant Haines left a second message for Laphan, telling her to return the

vehicles or safeguard them. *Id.*; *see also* Haines Dep. at 18-19. At this point, Chief David

Montella was apprised of the situation. *See* Haines Dep. at 19.

Nine days later, on July 16, 2012, Burgy spoke to Chief David Montella and told him that

his vehicles still had not been returned despite repeated requests. Burgy Dep. at 64; Montella

Dep. at 8, ECF No. 40, Ex. E. Chief Montella told Burgy to speak with the District Attorney's

Office if he wanted to have Laphan charged. Montella Dep. at 44. Also on July 16, Sergeant

Haines called Laphan and asked her to return the vehicles. She stated that she would only do so

once Burgy returned her property and the insurance proceeds check. Haines Dep. at 55-56;

Laphan Dep. at 59.

The following day, Burgy produced the title documents for the car and truck. Burgy Dep.

at 65-66. Chief Montella spoke with an ADA, who authorized him to file charges against

Laphan.[3] Chief Montella then instructed Sergeant Langdale to apply for an arrest warrant. The

warrant application charged Laphan with theft by unlawful taking or disposition, receiving stolen

property, and unauthorized use of an automobile. Police Criminal Complaint, ECF No. 40, Ex F.[4]

The accompanying Affidavit of Probable Cause (the "Affidavit"), prepared by Sergeant

---

[3] Chief Montella does not recall the name of the ADA he spoke to, but does remember that it was not ADA DiRosato. Montella Dep. at 38.

[4] The crime of theft by unlawful taking or disposition, under Pennsylvania law, requires that an individual "unlawfully take[], or exercise[] unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa. C.S. § 3921(a).

A person is guilty of receiving stolen property in Pennsylvania "if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa. C.S. § 3925(a).

A person is guilty of unauthorized use of an automobile, under 18 Pa. C.S. § 3928(a), "if he operates the automobile . . . without consent of the owner."

4

Langdale, recounted many of the interactions between Laphan, Burgy, and the police on July 6, July 7, and July 16. *See id.* Sergeant Langdale did not, however, mention the June Order or include it as an attachment to the Affidavit. *See id.*; Langdale Dep. at 11. Although Sergeant Langdale was aware of Sergeant Haines's notes and his conversation with ADA DiRosato, he did not have any discussions with Sergeant Haines regarding the preparation of the Affidavit. Langdale Dep. at 14; Haines Dep. at 31. Chief Montella did not review the Affidavit. Montella Dep. at 37.

Based on the warrant application and Affidavit, the magisterial district judge issued an arrest warrant. Laphan, accompanied by her attorney, turned herself in and was given a video pre-arraignment hearing that same day, after which she was released on her own recognizance. Laphan Dep. at 28-29. The vehicles were returned to Burgy after Laphan's arrest. Laphan Dep. at 45. At a preliminary hearing before the same magisterial judge who issued the arrest warrant, the June Order was admitted as an exhibit, and addressed during testimony and argument. Tr. of Preliminary Hr'g at 8-13, 15, 23-25, ECF No. 42, Ex. J. The judge concluded that the state had "technically made their case out." *Id.* at 26-27. He found that the state had established its "prima facie case" because "the cars [were] being held improperly, and they weren't returned until after the[] charges were filed." *Id.* at 27. As such, he held Laphan over for trial.

Ultimately, after a bench trial, Laphan was found not guilty. The Court of Common Pleas expressed its frustration at the proceedings, noting that it was "beyond the understanding of th[e] Court as to why . . . an arrest warrant, which was approved by an ADA, was issued for Defendant [when] Defendant was acting within the scope of the court order." Verdict, ECF No. 40, Ex. B.

Laphan now brings this lawsuit alleging that the Officers, Burgy, and the Upper

Providence Township violated her federal and state civil rights.

## II.    LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law . . .

." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if

the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Id.* In

ruling on a motion for summary judgment, the court must draw all inferences from the facts in

the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986).

The moving party "always bears the initial responsibility of informing the district court of

the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving

party has met its initial burden, the nonmoving party must then "make a showing sufficient to

establish the existence of [every] element essential to that party's case, and on which that party

will bear the burden of proof at trial." *Id.* at 322. Both parties must support their factual positions

by: "(A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials

cited do not establish the absence or presence of a genuine dispute, or that an adverse party

cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The materials

in the record that parties may rely on include "depositions, documents, electronically stored

information, affidavits or declarations, stipulations (including those made for purposes of the

motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

In resisting a motion for summary judgment, the nonmoving party may not "rely merely upon

6

## Appendix 23

bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

In essence, the inquiry at summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## III.    DISCUSSION

Laphan has six claims pending against Defendants: (1) Fourth Amendment false arrest against the Officers; (2) Fourth Amendment malicious prosecution against the Officers and Burgy; (3) state law malicious prosecution against the Officers and  Burgy[5]; (4) conspiracy to violate her federal and state civil rights against the Officers and Burgy; (5) intentional infliction of emotional distress against the Officers and Burgy; and (6) a *Monell* claim against Upper Provide Township for failure to train, supervise, and discipline the Officers.[6] The Officers and Upper Providence Township move for summary judgment on all claims against them.

### A.  False Arrest and Malicious Prosecution Claims

Laphan alleges Fourth Amendment false arrest and malicious prosecution claims, as well as a state law malicious prosecution claim, against the Officers. The absence of probable cause is an element of each of these three causes of action. *See Dowling v. City of Philadelphia*, 855 F.2d 136, 142 (3d Cir. 1988) (holding that the plaintiff had failed to establish "the existence of an essential element" of her false arrest claim where she could not show "that her arrest was not

---

[5] In Count I of her Amended Complaint, Laphan alleges Fourth Amendment malicious prosecution against the Officers. In Count V, she alleges "malicious prosecution under both 28 U.S.C. section 1983 and the Common Law of the State of Pennsylvania" against both the Officers and John Burgy. Am. Compl. ¶ 42, ECF No. 21. The federal malicious prosecution claim in Count V of the Amended Complaint is duplicative of Count I with respect to the Officers.

[6] Laphan also alleged, in a separate count of her complaint, that the Officers violated their "duty to investigate." Am. Compl. ¶¶ 34-36. This claim was dismissed with prejudice by stipulation of the parties. *See* ECF No. 32.

Appendix 24

premised upon" probable cause); *see also McKenna v. City of Philadelphia*, 582 F.3d 447, 461

(3d Cir. 2009) (stating that a Fourth Amendment malicious prosecution claim requires proof that

"the proceeding was initiated without probable cause"); *Kelley v. General Teamsters, Chauffers*

*& Helpers, Local Union 249*, 544 A.2d 940, 941 (Pa. 1988) (stating that the lack of probable

cause is an element of malicious prosecution under Pennsylvania law). Thus, to succeed on her

false arrest and malicious prosecution claims, Laphan must show that there was no probable

cause to arrest and prosecute her.

The crux of the parties' dispute over the existence of probable cause, or the lack thereof,

is the June Order. Laphan argues that, had the June Order been included in Sergeant Langdale's

Affidavit of Probable Cause, there would have been no probable cause to arrest her, and

consequently, to prosecute her. The Officers contend that the exclusion of the June Order is

immaterial to the probable cause calculus because it did not authorize Laphan to remove the

vehicles and then refuse to return them to Burgy.

Probable cause exists "when the facts and circumstances within the arresting officer's

knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense

has been or is being committed by the person to be arrested." *Orsatti v. New Jersey*, 71 F.3d 480,

483 (3d Cir. 1995); *see also Kossler v. Crisanti*, 564 F.3d 181, 194-95 (3d Cir. 2009) (applying

this standard to a federal malicious prosecution claim); *Hugee v. Pa. R. Co.*, 101 A.2d 740, 742

(Pa. 1954) (articulating a similar standard for probable cause in a state-law malicious prosecution

claim). Generally, "the question of probable cause in a § 1983 damage suit is one for the jury,"

but "a district court may conclude that probable cause exists as a matter of law if the evidence,

viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding."

*Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788-89 (3d Cir. 2000) (internal quotation

marks omitted); *see also Kelley*, 544 A.2d at 941 (stating that, under Pennsylvania law, probable

cause "may be submitted to the jury when facts material to the issue of probable cause are in

controversy").

Viewing the facts in the light most favorable to Laphan, the Officers had probable cause

to believe that she was at least committing the crimes of theft and receiving stolen property. The

June Order, on its face, only authorized Laphan to prepare the house for sale. *See* June Order. At

best, this provision allowed her to have the vehicles towed from the house. There is nothing in

the June Order that permitted Laphan to do what she told Sergeant Haines she intended—i.e., to

withhold the vehicles from Burgy until he turned over certain property and the insurance

proceeds check. *See* Laphan Dep. at 59, 61-65; Haines Dep. at 55-56. While the June Order did

instruct Burgy to endorse and turn over the insurance proceeds check to Laphan within ten days,

it did not give her any right to use his property as collateral to ensure compliance.[7]

Moreover, the magisterial district judge held Laphan over for trial even after becoming

aware of the June Order and hearing testimony and argument about whether it authorized her

actions. He specifically concluded that the state had established a "prima facie case" because

"the cars [were] being held improperly, and they weren't returned until after the[] charges were

filed." Tr. of Preliminary Hr'g at 27. Federal and state courts have treated an unimpeached hold-

over proceeding as weighty, though not conclusive, evidence of probable cause in both the false

arrest and malicious prosecution contexts. *See Snell v. Duffy*, No. 02-3660, 2004 WL 62711, at

*5 (E.D. Pa. Jan. 6, 2004) (treating a judge's decision to hold over the plaintiff for trial as

---

[7] Perhaps the June Order allowed Laphan to remove the vehicles and seek reimbursement from Burgy for
the cost of removal. But nowhere in the record does Laphan indicate that this was why she was
withholding the vehicles. Rather, she recalled telling Sergeant Haines that she would not turn over the
vehicles until Burgy returned her property and the insurance check. *See* Laphan Dep. at 63. Thus, a
reasonable officer considering the facts before Sergeant Haines could have concluded that she was
withholding the vehicles for an impermissible reason under the June Order.

"weighty evidence" in a federal malicious prosecution case); *Brooks v. Carrion*, No. 96-1172, 1996 WL 563897, at *4 (E.D. Pa. Sept. 26, 1996) (recognizing, in a false arrest claim, that a neutral magistrate's probable-cause finding at a hold-over proceeding raises a rebuttable "presumption" of probable cause); *Cosmas v. Bloomingdales Bros., Inc.*, 660 A.2d 83, 87 (Pa. Super. Ct. 1995) (noting, in a state-law malicious prosecution case, that an unimpeached hold-over proceeding "will constitute very weighty evidence" of probable cause).[8]

Thus, the June Order does not create a genuine issue of material fact as to whether probable cause to arrest Laphan was lacking. In light of Laphan's refusal to return the vehicles, a reasonable officer could have concluded that Laphan had committed the crimes of theft and receiving stolen property—i.e., that she had "unlawfully take[n]" Burgy's vehicle "with intent to deprive him thereof" and that she "intentionally . . . retain[ed]" the vehicles "knowing that [they] had been] stolen." *See* 18 Pa. C.S. §§ 3921(a), 3925(a).[9] Because there was probable cause to arrest and prosecute Laphan on at least two of the offenses for which she was charged, she

---

[8] The fact that Laphan was later acquitted is not relevant to the probable cause determination. *See Halsey v. Pfeiffer*, 750 F.3d 273, 299 (3d Cir. 2014) ("It is . . . irrelevant in a probable cause inquiry whether a person is later acquitted of the crime for which she or he was arrested." (internal quotation marks omitted)). This is because the "evidentiary standard for probable cause is significantly lower than the standard which is required for conviction." *Id.* (internal quotation marks omitted).

[9] Arguably, the Officers lacked probable cause to arrest Laphan for unauthorized use of a vehicle. Under 18 Pa. C.S. § 3928, an individual is guilty of unauthorized use of an automobile "if he operates the automobile without consent of the owner." The Pennsylvania Superior Court has held that § 3928 "requires proof of use, more than the showing of possession necessary to sustain a conviction" for receiving stolen property. *See Commonwealth v. Pemberth*, 489 A.2d 235, 236 (Pa. Super. 1985). The Superior Court specifically noted that "a person can steal a car without operating it," such as by pushing or towing it. *Id.* These actions, the Court concluded, may sustain a conviction for theft by unlawful taking, but not for unauthorized use.

There is nothing in the record to suggest that, based on the facts available to the Officers, they had a reasonable belief that Laphan "operated" either of Burgy's vehicles. Notably, she told the Officers that she had the cars towed to a storage facility, where she was safeguarding them. *See* Verdict, ECF No. 40, Ex. B. Because the Officers had probable cause to arrest and prosecute Laphan for theft and receiving stolen property, however, the lack of probable cause on the unauthorized use count is immaterial.

cannot prevail on her Fourth Amendment false arrest claim, her Fourth Amendment malicious

prosecution claim, or her state-law malicious prosecution claim. *See Wright v. City of*

*Philadelphia*, 409 F.3d 595, 604 (3d Cir. 2005) (stating that the existence of probable cause as to

one charge barred the plaintiff's malicious prosecution claim entirely)[10]; *Edwards v. City of*

*Philadelphia*, 860 F.2d 568, 576 (3d Cir. 1988) (finding that "[t]he existence of probable cause"

on one offense "defeats [the plaintiff's] claim of false arrest—even if there was insufficient cause

to arrest" for other offenses); *McIntosh v. Crist*, No. 13-103, 2015 WL 418982, at *12 (W.D. Pa.

Feb. 2, 2015) (collecting cases supporting the proposition that "if probable cause is present as to

any one count, a defendant charged on multiple counts cannot state a [Pennsylvania common

law] claim for malicious prosecution" (alteration in original) (internal quotation marks omitted)).

The Officers are therefore entitled to summary judgment on these three causes of action.

---

[10] In *Wright*, the Third Circuit held that probable cause for one offense "disposes of [a plaintiff's] malicious prosecution claims with respect to all of the charges brought against her." 409 F.3d at 604. In *Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007), however, the Third Circuit held that probable cause for one charge did not bar a malicious prosecution claim with respect to other charges filed against the plaintiff. However, *Johnson* does not apply to Laphan's case for two reasons. First, the *Johnson* court recognized that the rule announced in *Wright* is still good law and applies in situations similar to Laphan's—namely where "a defendant police officer merely prepared an affidavit of probable cause" and the police officers' "involvement . . . ended at the time of the arrest." *Johnson*, 477 F.3d at 84 (internal quotation marks omitted); *see also id.* at 84-85 (observing that, in contrast to the facts in *Wright*, the defendant's involvement extended beyond the plaintiff's arrest and involved intentional misrepresentations).

Second, as the en banc Third Circuit has since stated, to the extent that *Johnson* and *Wright* are in conflict, "if one of those two cases must control for purposes of analyzing the probable cause element, it would be *Wright*, not *Johnson*, that controls." *Kossler v. Crisanti*, 564 F.3d 181, 194 n.8 (3d Cir. 2009) (en banc). Courts in the circuit have generally looked to *Wright* when analyzing the probable cause element of a malicious prosecution claim. *See Kinsler v. City of Philadelphia*, No. 13-6412, 2015 WL 3970899, at *6 (E.D. Pa. June 29, 2015) (collecting cases); *see also McIntosh v. Crist*, No. 13-103, 2015 WL 418982, at *6 (W.D. Pa. Feb. 2, 2015). Thus, *Wright*, and not *Johnson*, governs Laphan's Fourth Amendment malicious prosecution claim.

B. Conspiracy Claims

The Officers are also entitled to summary judgment on Laphan's federal and state conspiracy claims. To establish a conspiracy claim under § 1983, "a plaintiff must establish (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Rosembert v. Borough of East Lansdowne*, 14 F. Supp. 3d 631, 647 (E.D. Pa. 2014) (internal quotation marks omitted); *see also Panayotides v. Rabenold*, 35 F. Supp. 2d 411, 419 (E.D. Pa. 1990). In the absence of any deprivation of her federal civil rights, Laphan cannot establish an essential element of a federal conspiracy claim.

Similarly, civil conspiracy under Pennsylvania law requires a showing "that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means." *Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466, 472 (Pa. 1979). The Pennsylvania courts have held that, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *Pelagatti v. Cohen*, 536 A.2d 1337, 1342 (Pa. Super Ct. 1987) (internal quotation marks omitted); *see McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super Ct. 2000); *Gordon v. Lancaster Osteopathic Hosp. Ass'n*, 489 A.2d 1364, 1371 (Pa. Super Ct. 1985). Thus, because Laphan's federal and state civil rights claims lack merit, her state conspiracy claim is not viable.

C. Intentional Infliction of Emotional Distress Claim

For a plaintiff to establish a claim for intentional infliction of emotional distress, she must demonstrate that the defendant's conduct was (1) extreme and outrageous; (2) intentional or reckless; and (3) caused severe emotional distress. *See Hoy v. Angelone*, 691 A.2d 476, 482 (Pa. Super. Ct. 1997). The standard for outrageousness is high; a defendant's conduct "must be so

12

Appendix 29

outrageous in character, and so extreme in degree as to go beyond all possible bounds of

decency." *Buczek v. First Nat'l Bank of Mifflintown*, 531 A.2d 1122, 1125 (Pa. Super. Ct. 1987);

*see also Hoy*, 720 A.2d at 754 (surveying Pennsylvania caselaw and concluding that "[c]ases

which have found a sufficient basis for a cause of action of intentional infliction of emotional

distress have . . . presented only the most egregious conduct").

The Officers committed no constitutional violation in arresting and prosecuting Laphan.

Because their conduct was not unlawful—let alone extreme or outrageous—they are entitled to

summary judgment on Laphan's intentional infliction of emotional distress claim. *See Manley v.*

*Fitzgerald*, 997 A.2d 1235, 1241 (Pa. Cmmw. Ct. 2010) ("Police officers doing their job by

arresting people when they have probable cause to do so certainly falls far short of extreme or

outrageous conduct.").

    D. *Monell* Claim

Finally, Upper Providence Township is entitled to summary judgment on Laphan's

*Monell* claim because "without an underlying constitutional violation, there can be no *Monell*

claim." *Knellinger v. York Street Property Development LP*, 57 F. Supp. 3d 462, 471 (E.D. Pa.

2014); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered

no constitutional injury at the hands of the individual police officer, the fact that the departmental

regulations might have authorized [unconstitutional action] is quite beside the point.").

**IV.    CONCLUSION**

Laphan stakes her federal and state-law false arrest and malicious prosecution claims on

the June Order. That Order, however, does not create a genuine issue of material fact as to the

existence of probable cause. Even taking the June Order into consideration, the Officers had

probable cause to arrest and prosecute Laphan for theft and receiving stolen property.[11] As such,

Laphan's Fourth Amendment false arrest and malicious prosecution claims, and her state-law

malicious prosecution claim, lack merit. In the absence of any constitutional violation, Laphan's

conspiracy, *Monell*, and intentional infliction of emotional distress claims also fail. Thus, the

Officers and Upper Providence Township are entitled to summary judgment on all claims against

them.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:          Copies **MAILED** on _____ to:

---

[11] Even though there was probable cause to file criminal charges against Laphan, this does not mean that such charges *should* have been pursued as an exercise of prosecutorial discretion. In Pennsylvania, a prosecutor "is both an administrator of justice and an advocate; he must exercise sound discretion in the performance of his functions . . . to seek justice, not merely to convict." *Commonwealth v. Collins*, 341 A.2d 492, 498 (Pa. 1975) (internal quotation marks omitted). As the magisterial judge observed, in this case, criminal prosecution was "a blunt instrument to try to deal with [a] domestic situation." Tr. of Preliminary Hr'g at 26-27. Although their actions were legal, it is nevertheless regrettable that the DA's Office chose to file criminal charges against Laphan rather than seeking resolution of this domestic dispute through more amicable means.

14

IN THE EASTERN DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRACE LAPHAN,<br>    **Plaintiff** | : | **CIVIL ACTION** |
| | : | |
| | : | **NO. 14-cv-04063** |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **SGT. WILLIAM HAINES,** | : | |
| **SGT. MICHAEL LANGDALE,** | : | |
| **CHIEF DAVID MONTELLA,** | : | |
| **OFFICER GEORGE MOORE, JOHN BURGY,** | : | |
| **and UPPER PROVIDENCE TOWNSHIP,** | : | |
|     **Defendants** | : | |

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, HAINES, LANGDALE, MONTELLA AND UPPER PROVIDENCE TOWNSHIP IN ACCORDANCE WITH THE PREFERRED PROCEDURE OF THE HONORABLE ANITA B. BRODY

## I.     BRIEF STATEMENT OF FACTS:

Plaintiff and Co-Defendant Burgy were parties to a partition action in the Court of Common Pleas of Delaware County regarding a property that they jointly owned as their relationship was being dissolved in the period between 2010 and 2012. The matter was pending before The Honorable Charles B. Burr in the Court of Common Pleas of Delaware County and as part of that matter, Judge Burr issued an Order on June 20, 2012 with respect to the property and certain rights of the parties thereto. The plaintiff, Grace Laphan, perceived that the Court Order allowed her to dispose of certain property belonging to John Burgy and, in doing so, she had two vehicles towed from the property. One of these vehicles was an antique 1966 Mustang which had been located in the garage on the property and was fully operable and inspected in accordance with the laws of the Commonwealth of Pennsylvania. The other vehicle was a truck that was owned by a friend of John Burgy. John Burgy called the police on or about July 6, 2012 to advise that these vehicles had been removed. The police spoke with plaintiff and she advised

that the vehicles were in safekeeping and they would stay there until co-defendant Burgy endorsed over a settlement check from an insurance settlement. Plaintiff would not advise the police where the vehicles were located. After several calls to the plaintiff and discussions with the District Attorney's office, Sergeant Michael Langdale filed a Criminal Complaint and an Affidavit of Probable Cause seeking a warrant for the arrest of the plaintiff for several counts of theft.

Plaintiff turned herself in with an attorney and was released on her own recognizance. A preliminary hearing was held on September 11, 2012. A copy of Judge Burr's Order was provided to the Magisterial District Judge, Nicholas S. Lippincott, Esquire, during the course of the preliminary hearing. Judge Lippincott found that a prima facie case has been established by the prosecution and bound the plaintiff over for trial on all charges. Plaintiff was subsequently found not guilty in a bench trial before The Honorable John P. Capuzzi.

The Affidavit of Probable Cause did not identify the previously issued Order of Judge Burr in the civil action between the plaintiff and the co-defendant. Plaintiff will assert that this was a material omission. Defendants assert that this was not a material omission as the Order did not apply to motor vehicles on the property and, particularly, the motor vehicle owned by the co-defendant John Burgy which was drivable and in a garage on the property. Moreover, defendants assert that even when Judge Lippincott was aware of the Order at the preliminary hearing, he did not find it to be dispositive of the criminal charges and bound the plaintiff over for trial regardless of the Order of Judge Burr.

## II.   ISSUES BEING RAISED BY MOVING DEFENDANTS

(A)   Count I of plaintiff's Complaint asserts Fourth Amendment claims for false arrest and malicious prosecution against Defendants Haines, Langdale and Montella.

2

Defendants assert that plaintiff cannot establish a seizure by Haines and Montella nor did Haines

or Montella initiate the criminal process.   Moreover, probable cause existed and Defendant

Langdale did not make any material misrepresentations or any material omissions in the

Affidavit of Probable Cause which sought an arrest warrant for the plaintiff.   Plaintiff was never

deprived of her liberty and the failure to include Judge Burr's Order in the Affidavit of Probable

Cause was not a material omission that a neutrally detached Magistrate would want to know of

since it did not apply to vehicles and Judge Lippincott was aware of the Order at the time of the

Preliminary Hearing and bound plaintiff over for trial.

**(B)**     Count II of plaintiff's Complaint asserts a Monell claim against Upper

Providence Township for failure to train, supervise, and discipline.  The evidence will establish

that plaintiff cannot meet her burden of proof to maintain a Monell claim against the Township

under the circumstances.  All officers are certified in accordance with the guidelines of the

Commonwealth of Pennsylvania, all receive appropriate training and supervision, there is no

history of constitutional deprivation by any of the Officers and the Township has appropriate

constitutional policies in place to prevent abuse of authority.

**(C)**     Plaintiff asserts a conspiracy claim under federal and state law against all

defendants.  Moving defendants will establish that there is no conspiracy because there was no

violation of any constitutional rights, the defendants did not conspire to do an unlawful act or a

lawful act by unlawful means, and the defendants as Upper Providence Township employees

cannot conspire amongst each other.   At all times material to the issuance of the criminal

process, the District Attorney's office provided approval for same.

**(D)**     Plaintiff also asserts a separate count of malicious prosecution against the

individual defendants under both federal and state law.  The federal claim is redundant of Count

3

Appendix 34

I. The state law claim fails for the same reasons as the Fourth Amendment claims as set forth above.

       **(E)**    Plaintiff asserts an intentional infliction of emotional distress claim against the individual defendants, however, plaintiff has no evidence to establish that she suffered any injury, whether physical or psychological, sufficient to carry her burden of proof and, further, the conduct of any individual defendant herein was not the type of conduct which is outrageous and, therefore, plaintiff cannot meet her burden of proof.

       **(F)**    Moving individual defendants assert qualified immunity for the federal constitutional claims.

       **(G)**    Moving defendants assert the defenses under the Pennsylvania Tort Claims Act for state law claims.

### III.   **RULE 11 AFFIRMATION**

On the basis of Rue 11 of the Federal Rules of Civil Procedure, there is no legally sufficient evidentiary basis to support a finding in favor of plaintiff as to the above referenced and outlined issues.

### IV.   **REQUESTED RELIEF**

Based on the foregoing, moving defendants, Haines, Langdale, Montella and Upper Providence Township, respectfully request that this Court enter judgment in their favor and

4

Appendix 35

against the plaintiff in accordance with Federal Rule of Civil Procedure 56(c).

**Respectfully submitted,**
**HOLSTEN & ASSOCIATES**


**BY:  RPD2724**
**ROBERT P. DiDOMENICIS, ESQUIRE**
**Attorney ID No.:  30482**
**One Olive Street**
**Media, PA  19063**
**(610)627-2426**
**Attorney for Defendants,**
**Sergeant William Haines, Sergeant Michael**
**Langdale, Chief David Montella, and Upper**
**Providence Township**

5

Appendix 36

## CERTIFICATE OF SERVICE

I, Robert P. DiDomenicis, Esquire, attorney for Defendants, Sergeant William Haines, Sergeant Michael Langdale, Chief David Montella, and Upper Providence Township, hereby certify that a true and correct copy of the within **MOTION FOR SUMMARY JUDGMENT** was served upon the following individual(s) **via electronically** and/or U.S. mail this 17th day of July, 2015.

**JOSEPH S. OXMAN, ESQUIRE**
OXMAN GOODSTADT KURITZ
111 South Independence Mall East
Suite 740
Philadelphia, PA 19106
**(via electronic filing)**

**HANS EDWARD SOLUM , JR., ESQUIRE**
127 Chester Pike
Ridley Park, PA 19078
**(via electronic filing)**

**Respectfully submitted,**

**HOLSTEN & ASSOCIATES**

BY:    **RPD2724**
**ROBERT P. DiDOMENICIS, ESQUIRE**
**Attorney ID No.: 30482**
**One Olive Street**
**Media, PA 19063**
**(610)627-2426**
**Attorney for Defendants,**
**Sergeant William Haines,**
**Sergeant Michael Langdale,**
**Chief David Montella, and Upper Providence Township**

Appendix 37